IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EMERGENCY ESSENTIALS HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALPHA DUCK, LLC, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> Case No. 1:20-cv-51 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

On May 1, 2020, Plaintiff Emergency Essentials Holdings, LLC (EEH), filed a complaint against Defendant, Alpha Duck, LLC. *See* Dkt. No. 2. On June 11, 2020, after four unsuccessful attempts to serve Defendant, Plaintiff filed a motion for acceptance of service or, in the alternative, for alternative service. *See* Dkt. No. 10. The court found good cause to believe Defendant was avoiding service and granted Plaintiff permission to serve Defendant through alternative means. *See id*. at 2–3. Plaintiff filed proof of service by alternative means on September 16, 2020. *See* Dkt. No. 15.

After Defendant failed to file an answer, Plaintiff moved for entry of default on September 29, 2020. *See* Dkt. No. 16. Defendant did not respond. On October 21, 2020, the Clerk's office entered a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). *See* Dkt. No. 21. Defendant did not appear, move to set aside the certificate of default, or communicate with the court in any manner after the certificate was entered. On January 29,

2021, Plaintiff filed a motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b). *See* Dkt. No. 25. After Defendant failed to respond, the court ordered Defendant to show cause, no later than March 11, 2021, why Plaintiff's motion should not be granted and default judgment entered against Defendant. *See* Dkt. No. 26. Defendant again failed to respond. In short, as of the date of this order, March 25, 2021, Defendant has completely failed to appear, plead, respond, or otherwise defend this action. Defendant has likewise failed to communicate with the court in any way regarding this action.

Based on careful review of Plaintiff's complaint, the motion for default judgment, and the affidavits submitted in support of that motion, the court finds that Plaintiff has adequately supported the injunctive relief and statutory damages it requests. The court further finds that because Defendant is an LLC, it is neither a minor nor an incompetent person. *See* Fed. R. Civ. P. 55(b)(2). Finally, Plaintiff has submitted an affidavit, as required by DUCivR55-1(b)(3), stating that Defendant, as an LLC, is not in military service and that Plaintiff has been unable to determine whether Defendant's members or agents are in military service. *See* Dkt. No. 25-1 ¶ ¶3–4. The court therefore finds that default judgment is warranted under Federal Rule of Civil Procedure 55(b)(2) and District of Utah Civil Rule 55-1(b)(2).

For the foregoing reasons, **IT IS ORDERED THAT:**

1) Emergency Essentials Holdings' Motion for Default Judgment, Dkt. No. 25, is **GRANTED**;

2) Defendant, its agent(s), and any person(s) or entity acting in concert with Defendant, are permanently enjoined from using the Infringing Marks, the BEPREPARED.COM Mark or any other confusingly similar trademarks;

3) Within ten (10) days of being notified of the entry of this Order, Defendant

2

        shall remove all use of the Infringing Marks, the BEPREPARED.COM Mark, or any other confusingly similar trademarks from the *www.elitefoodstorage.com* website, all social media accounts or other websites, all electronic or physical marketing or promotional materials, advertisements, signage, product packaging, website metadata and any other items displaying such marks;

4) If Defendant fails to comply with the requirements in (4) above, EEH may remove or have removed all uses of the Infringing Marks, the BEPREPARED.COM Mark or any other confusingly similar trademarks from the *www.elitefoodstorage.com* website, all social media accounts or other websites, all electronic or physical marketing or promotional materials, advertisements, signage, product packaging, website metadata and any other items displaying or bearing such marks;

5) Within ten (10) days of being notified of the entry of this Order, Defendant shall file the appropriate documents with the Utah Secretary of State office to effectuate a voluntary abandonment of the "doing business as" name BPREPARED;

6) Within ten (10) days of being notified of the entry of this Order, Defendant shall unlock the *bepreparedfoodstorage.com* domain name, making it transferable to EEH and will take all necessary steps to effectuate the transfer of the domain name;

7) EEH is granted statutory damages in the amount of $300,000;

8) EEH is awarded its attorneys' fees and costs incurred in bringing this action,

and shall file a detailed fee and costs petition within thirty (30) days of this Order; and

9) Judgment will be entered for EEH and against Defendant on Counts 1-7 after the court receives Plaintiff's detailed fee and costs petition.

DATED this 25th day of March, 2021.

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge